Case 2:04-cv-06730-GAF Document 3 Filed 12/06/04 Page 1 of 2 Page ID #:8



**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BABAJIDE FADAIRO,<br><br>　　　　　Defendant/Petitioner. | Case No. CV 04-6730-GAF<br><br>[CR 02-959-GAF]<br><br>**ORDER DENYING Petitioner's MOTION PURSUANT TO 28 U.S.C. § 2255** |

Petitioner moves to vacate his guilty plea on the grounds that: (1) he did not understand the charges against him and pled guilty because he was threatened with enhanced charges; (2) he was denied a jury trial under <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). The Government has filed an opposition to the petition; petitioner was given an opportunity to reply but has submitted no further briefing on the issues before the Court.

Petitioner's plea was voluntary. As set forth in the Government's opposition, the Court engaged in a lengthy colloquy with defendant to insure that he understood the charges, that he was not threatened in any way to

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

1

persuade him to plead guilty instead of proceeding to trial, and that he was completely familiar with the terms of his plea agreement. Petitioner has established no basis for the claim that his plea was not entered knowingly, voluntarily and intelligently.

The <u>Blakely</u> argument fails because the rule, even if applicable to the United States Sentencing Guidelines (an issue now before the Supreme Court), is not retroactively applicable to his case. As the Supreme Court has repeatedly held, "new rules" announced by the court, while applicable on direct review, generally are not applied retroactively to cases on collateral review. See <u>Schriro v. Summerlin</u>, 124 S.Ct. 2519 (2004) (holding that the rule in <u>Ring v. Arizona</u>, 536 U.S. 584 (2002), which dealt with an issue similar to the one now before the Supreme Court, was not retroactive to cases on collateral review). Because the reasoning in <u>Summerlin</u> applies with equal force in this case, the rule will not be applied retroactively.

The petition is DENIED.

IT IS SO ORDERED.

DATED: December 6, 2004

Judge Gary Allen Feess
United States District Court